UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HARTFORD FIRE INSRANCE COMPANY,**

      **Plaintiff,**

v.                                 Case No:   6:14-cv-00154-GAP-GJK

**PENINSULA LOGISTICS, Inc.,**
**A Florida corporation for profit;**
**LORAN LEROY SMITH, SR.,**
**individually, and KEVIN ERB and**
**BERNADETTE ERB,**

      **Defendants.**

## ORDER

This matter is before the Court on Peninsula Logistics, Inc. ("Peninsula") and Loran Leroy Smith's ("Smith") Motion to Dismiss (Doc. 7), Kevin Erb and Bernadette Erb's Motion to Dismiss (Doc. 8), and Hartford Fire Insurance Company's ("Hartford") responses thereto. (Docs. 9, 10 (respectively)).

**I.**    **Background**

On March 6, 2012, Smith, while operating a vehicle owned by Peninsula, was involved in a multiple vehicle automobile accident that resulted in several injuries and one fatality. (Doc. 1 at 2). At the time of the accident, Hartford insured Peninsula under a policy that provided a one million dollar policy limit for any one accident or loss. (Doc. 1-2 at 35). As a result of the accident, lawsuits were filed against Peninsula by Kevin and Bernadette Erb, for injuries sustained ("Erb lawsuit"), and by the Estate of Frederick Wood who was killed during the accident ("Estate of Wood"). (Doc. 1 at 3). Defense counsel retained by Hartford organized a global settlement to distribute the one

million dollar policy limits to those with claims against Peninsula. (*Id.* at 5). The Erbs, however, refused to participate in the settlement discussions. (*Id.* at 6). The global settlement resulted in a settlement with the Estate of Wood for the full amount of the policy limits. (*Id.* at 6). The policy provides that Hartford's duty to defend or to settle ends when the policy limits are exhausted. (Doc. 1-2 at 32). Accordingly, Hartford notified Peninsula that it fully discharged its duty in connection with the March 6, 2012 accident. (Doc. 1-8 at 2). However, in spite of the terms of the policy, Hartford offered to fund the defense of the remaining claims against Peninsula. (*Id.* at 2-3). Subsequently, a judgment was entered against Peninsula in the Erb lawsuit, which Peninsula has appealed. Peninsula has asked Hartford to indemnify it in the event that the judgment is affirmed on appeal. (Doc. 1-12 at 1). Hartford seeks a declaration that it has no further duty under the policy to defend Peninsula, and that it has no duty to indemnify Peninsula for the judgment in the Erb lawsuit. (Doc. 1 at 9-10). Defendants filed Motions to Dismiss and argue that declaratory relief is not ripe because the Erb lawsuit is still pending on appeal. (Doc. 7 and Doc 8).

**II.     Standard**

"The issue of ripeness is properly raised on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) because ripeness pertains to the federal court's subject matter jurisdiction." *In re Pitts*, 432 B.R. 866, 868 (Bankr. M.D. Fla. 2010) (citing *Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir.2010)); *see also Elend v. Basham,* 471 F.3d 1199, 1204-05 (11th Cir. 2006) (holding that the district court was correct in dismissing the plaintiffs' claims on ripeness grounds under 12(b)(1)). A case is ripe for adjudication when the "question presented is 'fit for judicial review,' such that the controversy is entirely or substantially a question of law" and is not speculative or contingent upon facts that have not yet materialized. *Shaunnessey v. Monteris Med., Inc.*, 554 F. Supp. 2d 1321, 1327-28 (M.D. Fla. 2008). "Decisions on ripeness are fact sensitive."

*New Life Outreach Ministry Inc. v. Polk Cnty.*, No. 8:06-CV-1547-T-27MAP, 2007 WL 2330854, at *2 (M.D. Fla. Aug. 14, 2007) (quoting *Strickland v. Alderman*, 74 F.3d 260, 266 (11th Cir. 1996)). Therefore, the court may look outside of the pleadings and attached exhibits to the factual circumstances when determining whether the court has jurisdiction. *See Strickland*, 74 F.3d at 266 (analyzing facts outside of the complaint to determine whether the case was ripe). "The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 509 F. App'x 919, 922 (11th Cir. 2013). Courts must determine whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit the court to render a decision. *Id.*

**III.   Analysis**

In the Defendants' Motions to Dismiss, they assert that Hartford's declaratory complaint is an attempt to "foreclose any liability it may have in an insurance bad faith action arising out of the underlying [Erb lawsuit]." (Doc. 7 at 1-2; *see also* Doc. 8 at 3). Defendants' subsequent analysis and conclusion are based upon this incorrect assertion. Defendants contend that because Florida law provides that a bad faith claim cannot be brought until the final resolution of an underlying lawsuit, the declaratory action in this case is not ripe until the appeal in the Erb lawsuit is resolved.[1] (Doc. 7 at 6; Doc. 8 at 5). Defendants rely on cases in which the insurer was obligated by the policy to carry out certain duties in the underlying lawsuit on behalf of the insured, and there was a question

---

[1] The central issue in a bad faith claim is whether the insurance company failed to "settle a claim against the insured when it had a reasonable opportunity to do so." *Contreras v. U.S. Sec. Ins. Co.*, 927 So.2d 16, 20 (Fla. Dist. Ct. App. 2006). Hartford has not asked this Court to determine whether it acted in good faith in the settlement, only that it has no further duty to defend or indemnify under the terms of the policy. A determination on this issue by the Court will not imply that Hartford acted or failed to act in good faith. Accordingly, Defendants' concern about the impact a ruling by this Court would have on a bad faith claim is misplaced.

as to whether those duties were carried out in good faith. *See, e.g., Romano v. Am. Cas. Co. of Reading, Pa.*, 834 F.2d 968, 970 (11th Cir. 1987) (holding that a bad faith claim alleging the insurer's failure to settle claims against the insured is not ripe while an appeal of the underlying case is pending); *Lexington Ins. Co. v. Silva*, No. 02-80352-CIV-RYSKAMP, at *3 (S.D. Fla. Dec. 5, 2002) (determining that the insurer's complaint for declaratory relief was not ripe because the underlying lawsuit, which would establish the insurer's obligation under the policy, was on appeal). In the cases cited, the question of whether the insurer had fulfilled its obligations under the policy was contingent upon the resolution of the lawsuit.

However, in this case, Hartford seeks a declaration that any contractual obligation that it owed to Peninsula under the policy was extinguished according to the terms of the contract. (Doc. 1 at 9-10). Simply put, Hartford wants this Court to determine that it has discharged its contractual duties to defend and indemnify Peninsula because it has already paid out the full amount of the policy. The present matter is a question of contract interpretation and does not turn on the outcome of the Erb lawsuit. *See generally Dahl-Eimers v. Mut. of Omaha Life Ins. Co.*, 986 F.2d 1379, 1381 (11th Cir. 1993) ("Under Florida law, interpretation of an insurance contract . . . is a matter of law."). As such, the contractual issue is fit for judicial declaration. *See Yellowbird Bus Co., Inc. v. Lexington Ins. Co.*, No. CIV.A. 09-5835, 2010 WL 2766987, at *4 (E.D. Pa. July 12, 2010) (determining that the question of whether the insurer was required to fund the defense of the underlying case turned on the interpretation of the policy, and was therefore ripe for declaratory relief prior to the resolution of the underlying case).

Furthermore, withholding judgment in this case could cause a hardship for Hartford. An insurer is irreparably injured if it is required to defend a case without a contractual duty to do so. *Colony Ins. Co. v. Montecito Renaissance, Inc.*, No. 8:09-CV-1469-T-30MAP, 2011 WL 4529948,

at *14 (M.D. Fla. Sept. 30, 2011) (determining that an "insurer's duty to defend should be decided *before* the resolution of the underlying case as it is 'irreparable injury' to defend a case when no duty to defend exists."). If this Court determines that the contract imposes no additional duties on Hartford to defend or indemnify Peninsula, then a declaration will prevent injury.

This case is ripe for adjudication because Hartford's obligations owed to Peninsula under the insurance policy are matters of contract interpretation and are not contingent on the resolution of the Erb lawsuit.

It is therefore, **ORDERED** that:

Defendants' Motions to Dismiss (Doc. 7 and Doc. 8) are hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 11, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party