# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HARTFORD FIRE INSURANCE COMPANY,**

      **Plaintiff,**

**v.**                                                **Case No: 6:14-cv-154-Orl-31GJK**

**PENINSULA LOGISTICS, INC., LORAN LEROY SMITH, SR., KEVIN ERB and BERNADETTE ERB,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 73) filed by Defendants Peninsula Logistics, Inc. ("Peninsula") and Loran Leroy Smith ("Smith"). In resolving this motion, the Court has also considered the response in opposition (Doc. 76) filed by the Plaintiff, Hartford Fire Insurance Company ("Hartford").

This is an insurance coverage/bad faith case. Hartford insured Peninsula under a policy that provided $1,000,000 in liability coverage for a single accident. On March 6, 2012, Smith was involved in a multi-vehicle accident while driving a vehicle owned by one of Peninsula's associated entities. The accident resulted in a number of very serious injuries. One person, Frederick Wood ("Wood"), died at the scene. Defendant Kevin Erb was forced to undergo amputation of part of his left leg. A number of other individuals suffered less serious injuries.

Peninsula and Smith were sued for negligence by the Wood estate and, in a separate suit, by Kevin Erb and his wife, Defendant Bernadette Erb. Hartford funded the defense of Peninsula

and Smith in both suits.   Eventually, Hartford settled the claim of the Wood estate by paying the $1,000,000 policy limit in exchange for a release.

Hartford contended that its duties to defend and indemnify Peninsula and Smith terminated upon payment of the policy limit; however, Hartford continued to fund their defense in the Erb case through trial.   The jury in that case found in favor of the Erbs and against Peninsula and Smith, awarding the Erbs approximately $7,000,000.   When the attorney representing Peninsula and Smith sought to have Hartford pay the judgment in the Erb case, Hartford filed the instant action, seeking a declaration that it had no obligation to pay that judgment or to continue funding the defense of Peninsula and Smith.   As an affirmative defense to Hartford's complaint for declaratory relief, Peninsula asserted that Hartford was liable for the amount of the Erb judgment because the company had acted in bad faith by exhausting the policy limit on the Wood claim.

On January 28, 2015, after the Court resolved a contractual issue in Hartford's favor (Doc. 65 at 3), Hartford filed an amended complaint seeking a declaratory judgment

> finding that, as a matter of law, Hartford acted in good faith toward Peninsula and Smith in its handling of the claims relating to the accident and that Hartford has no duty, under any legal theory, to indemnify Peninsula and/or Smith for any judgment or award entered by either the Circuit Court of Osceola County of the Fifth District Court of Appeal of Florida in relation to Erb's claims or case against Peninsula and/or Smith and for all other relief this Court deems fair and just.

(Doc. 66 at 15).

Peninsula and Smith appealed the $7 million judgment in the Erb case to the Fifth District Court of Appeal.   That appeal remains pending.   Under Florida law, an insured's cause of action against an insurer for a bad faith failure to settle does not ripen until the insured obtains a verdict in excess of policy limits and the appellate process is complete.   *Romano v. American Cas. Co. of Reading, Pa.*, 834 F.2d 968, 970 (11th Cir. 1987).

The United States Court of Appeals for the Fifth Circuit has cautioned against district courts in declaratory judgment cases "sit[ting] in judgment on … questions which today may readily be imagined but may never in fact come to pass."  *American Fidelity & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960).[1]  This case presents just such a scenario.   Peninsula and Smith may yet prevail against the Erbs.   If they do, the bad faith claim against Hartford may never "come to pass."

In addition, in this case as it now stands, declaratory relief does not appear to serve the purposes behind the Declaratory Judgment Act.   As one treatise puts it, declaratory judgments are intended

> to minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until an adversary should see fit to begin an action after the damage has accrued.

10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u>, §2751 (3d ed. 1988).   Here, no adversary has delayed bringing suit against Hartford, because any cause of action for bad faith has yet to ripen.   And Hartford has not alleged that it will suffer any additional hardship if the issue of its alleged bad faith is not resolved until after the appeal in the underlying case, rather than immediately.[2]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

[2] The parties previously settled their dispute regarding Hartford's alleged obligation to continue defending Peninsula and Smith.

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 73) is **GRANTED**, and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 26, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

Case 6:14-cv-00154-GAP-GJK   Document 81   Filed 03/26/15   Page 4 of 4 PageID 816